**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador Vivas Diaz, | ) CV 11-2520-PHX-PGR (MHB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE PAUL G. ROSENBLATT, U.S. DISTRICT JUDGE:

Petitioner Salvador Vivas Diaz, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer, (Doc. 8), and Petitioner filed a Reply (Doc. 9).

## **FACTUAL BACKGROUND[1]**

On October 25, 2008, at approximately 1:17 am, City of Phoenix Police Officer Shane Figueroa was en route to assist a fellow officer with a "shots fired call." (Exh. V at 17, 47, 51, 60.) Officer Figueroa's response to the call required him to travel northbound on 19th Avenue. (Exh. V at 47.) At approximately 1:22 am, as Officer Figueroa approached the intersection of 19th Avenue and Roeser Road, Petitioner, traveling southbound on 19th

---

[1] Unless otherwise noted, the following facts are derived from the Exhibits submitted with Doc. 8 – Respondents' Answer.

1   Avenue, attempted to turn left onto Roeser Road in front of Officer Figueroa. (Exh. V at 17-
2   18.) Petitioner failed to fully execute the left turn resulting in a collision between the two
3   vehicles. (Exh. V at 18.) Officer Figueroa was ejected from his vehicle onto the street where
4   he passed away before emergency assistance arrived. (Exh. V at 27, 39.) Petitioner was
5   transported to the hospital, but did not sustain any significant injuries (Exh. U at 12; Exh. V
6   at 26). At 2:55 am, a sample of Petitioner's blood was taken for law enforcement purposes.
7   (Exh. V at 48.) The lab results reported that Petitioner had a .239 blood-alcohol
8   concentration at the time the blood sample was taken. (Id.)

9   Petitioner subsequently pled guilty in state court to manslaughter, a class 2 dangerous
10  offense, in exchange for a reduction of the charge from second-degree murder and the
11  dismissal of two additional charges. ( Exh. A at 1; Exh. B at 1.) Additionally, the plea
12  agreement contained a stipulation reducing the maximum sentence from 21 to 16 years.
13  (Exh. B at 1.) Petitioner also agreed to pay restitution to any and all victims and/or an
14  insurance company in an amount not to exceed $750,000 per victim. (Id.) Petitioner was
15  sentenced on June 26, 2009, to an aggravated term of 16 years. (Exh. V at 89.) During the
16  sentencing hearing, Petitioner's counsel requested a restitution hearing and indicated that he
17  would waive Petitioner's presence at the hearing. (Exh. V at 76.) The trial court agreed to
18  keep the "restitution open" and waived Petitioner's presence at "any future restitution
19  hearing." (Exh. V at 89.) Petitioner did not object to the waiver of his presence.

20  On August 8, 2009, Petitioner filed a Notice of Post-Conviction Relief ("PCR")
21  pursuant to Rule 32, Rules of Arizona Criminal Procedure, in the Maricopa County Superior
22  Court. (Exh. D.) The trial court appointed counsel to represent Petitioner in the PCR
23  proceedings. (Exh. E.) Petitioner's appointed counsel thereafter filed a Notice of
24  Completion, avowing that she found no viable claims for post-conviction relief. (Exh. F.)
25  Additionally, appointed counsel filed a request for a 45-day extension to allow Petitioner to
26  file a *pro per* PCR Petition, which the court granted. (Exh. F at 1; Exh. G at 1.)

In his subsequent *pro per* PCR Petition, Petitioner raised the following claims: (1) a jury, rather than the court, should have decided the factors used to aggravate Petitioner's sentencing; (2) the court erred in finding "dangerousness" to aggravate Petitioner's sentencing because it is an element of Manslaughter; (3) trial and PCR counsel were ineffective. (Exh. H at 6-10.) On November 29, 2010, the trial court dismissed the petition without a hearing, finding that "no material issue of fact or law exists which would be served by any further proceeding." (Exh. I.) The court also made the following findings:

> The defendant raises the following three issues. First, that a jury, rather than the court, was required to find aggravating factors for the sentence imposed. The claim is without merit. Two provisions in the plea agreement state that the defendant waived his right to have a jury make the determination. Second, defendant claims the court used a dangerousness finding to aggravate the sentence. The court did not find dangerousness to be an aggravating factor and dangerousness is not an element of manslaughter, the crime in which the defendant pleaded guilty. Finally, the defendant claims ineffective assistance of counsel. There is no meritorious basis upon which to make this finding. Defense counsel negotiated a plea to a lesser crime (manslaughter from second-degree murder) and negotiated a cap to the sentence (16-year cap on a possible 21 year maximum sentence). There was no ineffective assistance of counsel in this case.

(Id.)

Petitioner filed a motion on December 28, 2010, requesting an extension of time to file a Petition for Review to the Arizona Court of Appeals. (Exh. J.) On January 7, 2011, the trial court denied Petitioner's extension request. (Exh. K.) Despite the trial court's denial of an extension, on February 1, 2011, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Exh. L.) The court dismissed the petition as untimely, as not having been filed "within 30 days of the trial court's final decision disposing of the petition for post-conviction relief." (Exh. M.)

After the PCR proceedings had concluded, on April 22, 2011, the trial court held a restitution hearing. (Exh. N.) At the hearing, trial counsel appeared for Petitioner and waived his presence. (Exh. O at 1.) On April 27, 2011, at the conclusion of the hearing, the court awarded Avizent, the City of Phoenix's workers' compensation insurance company, restitution in the amount of $18,003.74 for the expenses arising from Officer Figueroa's

- 3 -

medical, transportation, emergency room, and burial expenses. (Exh. P.) On May 25, 2011, the State filed a motion for a *nunc pro tunc* amendment to the restitution minute entry to designate the City of Phoenix, rather than Avizent, as the payee. (Exh. Q.) On May 31, 2011, Petitioner filed a "Motion for Restitution Status," inquiring about the status of the restitution hearing, and "why [Petitioner] was not call to appear in court for the hearing." (Exh. R.) The record does not reflect that the trial court heard or decided that motion. On June 6, 2011, the court granted the State's motion to reflect the City of Phoenix as the restitution payee. (Exh. S.) On July 14, 2011, the Arizona Court of Appeals entered the following Order:

> A review of the record in this matter indicates that the appellant has purported to appeal from the trial court's nunc pro tunc minute entry dated June 6, 2011 correcting the restitution payee. Such an order is not appealable. See Ariz. Rev. Stat Ann. 13-4033. THEREFORE IT IS ORDERED dismissing the appeal.

(Exh. T.)[2]

On December 18, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises five grounds for relief:

Ground One: Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when he was denied his right to a jury trial on an aggravating factor. Additionally, Petitioner was placed in double jeopardy because 'dangerousness' was used as an aggravating factor to enhance his sentence and is also an element of manslaughter (Doc. 1 at 6);

Ground Two: Petitioner received ineffective assistance of counsel from both his trial and post-conviction-relief counsel, in violation of the Sixth Amendment (Doc. 1 at7);

Ground Three: Petitioner's was denied his Sixth and Fourteenth Amendment rights because he was denied the right to a restitution hearing, the right to be present at the hearing, and the right to counsel at the hearing (Doc. 1 at 8);

Ground Four: Petitioner's Fourteenth Amendment due process rights were violated when the trial court denied Petitioner the right to appeal by delaying the ruling on a motion for an extension of time (Doc. 1 at 9);

---

[2] Respondents argue that this Order addressed Petitioner's "attempt to appeal [the trial court's June 6] minute entry." (Doc. 8 at 3.) This assertion is based entirely upon the Court of Appeal's ORDER. Respondents have not provided a copy of Petitioner's purported appeal. Without that, this Court will not assume any facts relating to the content of this purported appeal.

- 4 -

<u>Ground Five</u>: There has been a miscarriage of justice and Petitioner is actually innocent of manslaughter (Doc. 1 at 10).

In their Answer, Respondents contend that Grounds One through Four are procedurally defaulted because the state expressly applied a procedural bar to avoid considering their merits. Regarding the remaining claim, Respondents argue that Ground Five is procedurally defaulted because Petitioner did not fairly present the claim in the Rule 32 proceedings in the state court and contend that the claim is not cognizable on federal habeas review. Respondents request that the habeas petition be denied and dismissed with prejudice.

## DISCUSSION

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) and ©); <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005) (Stay and abeyance should be available only when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. <u>O'Sullivan</u>, 526 U.S. at 839-46. In Arizona, a petitioner must present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. <u>See, e.g.</u>, <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact [he] was asserting a claim under the United States Constitution." <u>Shumway v. Payne</u>, 223 F.3d 982, 987 (9th Cir. 2000)

- 5 -

(quotations omitted); see Johnson v. Zenon, 88 F. 3d 828, 830 (9th Cir. 1996) ("If petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds– a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief...that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). The United States Supreme Court explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[3] and "adequate"[4] – review of the merits on the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ...In this way, a state court may reach a federal question without a sacrificing its interests in finality, federalism, and comity.") *(citations omitted)*; Bennet v. Mueller, 322

---

[3] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[4] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982)).

- 7 -

F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n. 10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where...the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim imposes a procedural default, we will presume a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n. 9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001)

- 8 -

("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases." (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F. 3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 185 Ariz. 319, 334-36 (Ariz. 1996) (waiver preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute a legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. Schlup, 513 U.S. at 314-15, 321; see Murray, 477 U.S. at 495-96.

**CLAIMS**

In Ground One of his habeas petition, Petitioner alleges that he was denied his right to a jury trial on an aggravating factor. Additionally, Petitioner alleges he was placed in double jeopardy because "dangerousness" was used as an aggravating factor to enhance his sentence

1  and is also an element of manslaughter. Petitioner presented these issues as a federal claim
2  in his *pro per* PCR Petition and in his Petition for Review to the Arizona Court of Appeals.
3  (Exh. H at 6; Exh. L at 2.) However, the appellate court dismissed the Petition for Review
4  as untimely pursuant to Rule 32.9 (c) of the Arizona Rules of Criminal Procedure. (Exh. M.)
5  Thus, the claim is procedurally defaulted because the state court expressly applied a
6  procedural bar to avoid considering its merits. Furthermore, the state court's reliance upon
7  Rule 32 of the Arizona Rules of Criminal Procedure constituted both an independent and
8  adequate ground barring review of Petitioner's claim. See Stewart, 536 U.S. at 860; Ortiz,
9  149 F.3d at 931-32.   Petitioner has not established cause for his non-compliance, actual
10 prejudice, or a miscarriage of justice.

11  In Ground Two of his habeas petition, Petitioner asserts ineffective assistance of trial and
12 PCR counsel, claiming: (1) that trial counsel was ineffective in failing to object to the
13 aggravated sentence; (2) that PCR counsel was ineffective in failing to raise a colorable claim
14 for relief in jury-trial sentencing; and (3) that both counsel failed to object to restitution.
15 Petitioner raised (1) and (2) above in his Rule 32 petition and in his Petition for Review to
16 the Arizona Court of Appeals. (Exh. H at 8-10; Exh. L at 2.) Petitioner did not present (3)
17 above as a claim in state court and it is therefore unexhausted because it was not fully and
18 fairly presented to state courts. See 28 U.S.C. § 2254(b). Failure to fairly present this issue
19 results in procedural default of the claim because Petitioner is now barred from returning to
20 the state court. See Ariz.R.Crim.P. 32.2(a), 32.4(a).

21  As to claims (1) and (2) above, the appellate court dismissed Petitioner's Petition for
22 Review as untimely filed. (Exh. M.) Thus, these claim are procedurally defaulted because
23 the state court expressly applied a procedural bar to avoid considering its merits.
24 Furthermore, the state court's reliance upon Rule 32 of the Arizona Rules of Criminal
25 Procedure constituted both an independent and adequate ground barring review of
26 Petitioner's claim. See Stewart, 536 U.S. at 860; Ortiz, 149 F.3d at 931-32.   Petitioner has

not established cause for his non-compliance, actual prejudice, or the existence of a miscarriage of justice.

In Ground Three of his habeas petition, Petitioner alleges he was denied the right to a restitution hearing, the right to be present at the hearing, and the right to counsel at the hearing. Respondents argue that Petitioner's appeal of this claim was dismissed as untimely and therefore the claim is procedurally defaulted. (Doc. 8 at 9.) However, as this Court previously found (page 4, footnote 2) the record is insufficient for the Court to make such a determination that Petitioner raised this issue on appeal. The record does reflect that Petitioner filed a brief notice with the trial court merely inquiring about "why he was not called to appear in court for the hearing," the status of the hearing, and the date the hearing was to be conducted. (Exh. R at 1.) The notice, however, was filed 28-days after the restitution hearing had taken place. Even if Petitioner's status inquiry to the trial court could be considered sufficient presentation in post-conviction proceedings of a restitution hearing claim, Petitioner did not provide the trial court with the federal basis for his claim. Failure to fairly present this issue results in procedural default of the claim because Petitioner is now barred from returning to the state court. See Ariz.R.Crim.P. 32.2(a), 32.4(a).

Alternatively, Petitioner's restitution claim is without merit. "The Constitution, the fundamental principles of jury trial, and the Federal Rules of Criminal Procedure guarantee a defendant the right to be present at every stage of a trial." U.S. v. Frazin, 780 F.2d 1461, 1469 (9th Cir. 1986) (citations omitted). The right to be present may be waived by the defendant. See Taylor v. U.S., 414 U.S. 17, 19-20 (1973) (Defendant's voluntary absence acts as a waiver of the right to be present at trial under Fed. R. Crim. P. 43). The waiver of a constitutional right must be voluntary, knowing, and intelligent. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Failure to object to the exclusion from a trial hearing constitutes a valid waiver. U.S. v. Rewald, 889 F.2d 836, 854 (9th Cir. 1989) (citing U.S. v. Gagnon, 470 U.S. 522, 528 (1985)) (the district court "need not get an express 'on the record' waiver from the defendant for every trial conference which a defendant may have the right to attend");

- 11 -

accord, U.S. v. Bertoli, 40 F.3d 1384, 1398-99 (3d Cir. 1994); U.S. v. Doe, 964 F.2d 157, 159 (2d Cir. 1989) ("waiver by counsel of a defendant's right to be present during the proceedings is valid when made in the presence of the defendant").

During the sentencing hearing, Petitioner twice failed to object to the waiver of his presence at the restitution hearing: first, when his counsel indicated to the court that Petitioner's presence would be waived, (Exh. V at 76), and second, when the judge affirmed that waiver at the conclusion of the sentencing hearing. (Exh. V at 86-89.) Petitioner did not object. His claim is therefore without merit. Furthermore, the Ninth Circuit has held that a restitution claim is not cognizable in federal habeas, because it does not meet the jurisdictional requirement of the statute that there be a nexus between the constitutional violation and the restraint on liberty. Bailey v. Hill, 599 F.3d 976, 980-81 (9th Cir. 2010).

In Ground Four of his habeas petition, Petitioner alleges that his Fourteenth Amendment rights to due process and equal protection were violated because the trial court denied him the right to appeal by delaying the ruling on a motion for extension of time. Petitioner raised this issue only as a state law claim in his *pro per* Petition for Review to the Arizona Court of Appeals. (Exh. L at 1-3.) Thus, Petitioner's Fourteenth Amendment due process and equal protection claim is raised for the first time on habeas review and is not exhausted because it was not fully and fairly presented to state courts. See 28 U.S.C. § 2254(b). Additionally, the appellate court dismissed the Petition for Review as untimely filed under Rule 32.9©) of the Arizona Rules of Criminal Procedure. (Exh. M.) Thus, the claim is procedurally defaulted because the state court expressly applied a procedural bar to avoid considering its merits. Furthermore, the state court's reliance upon Rule 32 of the Arizona Rules of Criminal Procedure constituted both an independent and adequate ground barring review of Petitioner's claim. See Stewart, 536 U.S. at 860; Ortiz, 149 F.3d at 931-32. Petitioner has not established cause for his non-compliance, actual prejudice, or the existence of a miscarriage of justice.

In Ground Five of his habeas petition, Petitioner alleges there has been a miscarriage of justice and that he is actually innocent of manslaughter. Specifically, Petitioner contends that his attorney did not provide him with information that Officer Shane Figueroa was "speeding, [driving] without seatbelts on, no lights on, [and] no siren on" the night of the automobile accident, and Petitioner would have gone to trial had he been informed of this information. (Doc. 1 at 9.) Petitioner did not raise this claim in his Rule 32 proceedings in state court. (Exhs. H, L.) Thus, Petitioner's claim of actual innocence is raised for the first time on habeas review and is not exhausted because it was not fully and fairly presented to state courts. See 28 U.S.C. § 2254(b). Failure to fairly present Ground Five has resulted in procedural default because Petitioner is now barred from returning to state courts. See Ariz.R.Crim.P. 32.2(a), 32.4(a).

Additionally, a petitioner's claim of actual innocence must be supported "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner must also present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." Id. at 316; See also Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327) (Petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"). See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003).

Here, Petitioner has not offered any new evidence to support his challenge to his conviction. Rather, Petitioner relies upon evidence that was discovered and available to him prior to his change of plea proceedings. (Exh. U at 11-13.) Just prior to the acceptance of his guilty plea, Petitioner stated to the court:

> And the report itself says that he [Officer Figueroa] didn't have his lights on and that he was not in no way announcing that he was coming down the street. He didn't have lights, no sirens, anything. 19th Avenue has a 40-mile-an-hour speed limit. And he wasn't wearing his seat belt either. That's why when he crashed with me he lost his life, because he didn't have on his seat belt.

- 13 -

(<u>Id</u>. at 11-12.)  After hearing Petitioner's statement, the judge asked Petitioner if he desired to proceed to trial rather than enter into the plea agreement, and Petitioner voluntarily opted to plead guilty.  (<u>Id</u>. at 11, 13-14.)  Moreover, the trial judge considered the evidence when sentencing Petitioner.  (Exh. V at 88-89.)  The judge noted, "Officer Figueroa did not follow the letter of the law in the policy; however, that is greatly outweighed by the gross recklessness of the defendant. I find that to be a slight mitigation, if any at all." (<u>Id</u>.)  Petitioner's conclusory arguments and pure speculation, however, simply do not satisfy the <u>Schlup</u> standard.  <u>See</u>, <u>e.g.</u>, <u>Martinez v. Clark</u>, 2009 WL 1788402 at *5 (C.D. Cal. June 23, 2009) (In the few cases habeas petitioners have been able to meet the <u>Schlup</u> standard, the "new evidence" consisted of "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner."). Petitioner does not establish that a miscarriage of justice occurred or that he is actually innocent and his claim should therefore be denied.

## CONCLUSION

Accordingly, Grounds One through Five set forth in Petitioner's habeas petition are procedurally defaulted or denied on the merits, and Petitioner has not established cause for his failure to raise his claims in state court, actual prejudice, or demonstrated that a miscarriage of justice would result if his claims are not considered.  Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of August, 2012.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge